The petitioner, Wolf, as plaintiff, brought her bill to foreclose a purchase money chattel mortgage given her by Kenyon and Barlar upon: "* * * all the goods, chattels and personal property now in ____ and particularly described as follows: That certain Bar and restaurant, known as the `La Ciesta Bar' located at the corner of N.W. 27th Avenue and Ali Baba Avenue in the city of Opa Locka, State of Florida; together with the good will of said business and the use of the name; in addition thereto, all of the liquor, potato chips, pretzels and other similar merchandise used in the operation of the Bar."
Plaintiff's bill alleges that Kenyon and Barlar "* * * on or about September 30, 1948, sold said La Ciesta Bar and restaurant business to the defendant, Harry Barstow, and caused to be transferred to him all licenses incidental to said business and necessary for the operation thereof, and that at the time of said purchase and transfer the said defendant, Harry Barstow, knew and was informed of the plaintiff's mortgage lien on said business and that whatever interest the said defendant, Harry Barstow, has in said business and in all licenses incidental thereto and necessary in the operation thereof is subject, junior and inferior to the rights of the plaintiff under said mortgage lien."
And by her bill plaintiff prays:
"(a) That pending this suit the court appoint some discreet and suitable person *Page 690 
as receiver of said mortgaged business and of the income therefrom with directions to continue the operation thereof and to account for the receipts and disbursements and to enjoin the defendant, Harry Barstow, from transferring or disposing or attempting to transfer or dispose of the business pending this litigation."
On November 16, 1948, the Chancellor, on an ex parte application, entered a temporary restraining order against the transfer of the business or liquor license; and on November 18, 1948, upon a hearing after notice, the Chancellor appointed receivers to operate the bar and restaurant and enjoined Harry Barstow from transferring the liquor license.
On December 2, 1948, on motion of the defendant, the Chancellor eliminated the liquor license from the force and effect of all injunctive orders, and it is this order which petitioner seeks to have quashed in this Court by certiorari.
The testimony was to the effect that when Wolf sold the business to Kenyon and Barlar the liquor inventory was about $1600; that when Barstow bought the business from Kenyon and Barlar the liquor inventory was less than $50 in value and that when the hearing for the appointment of the receiver was had the liquor stock was of a value less than $200.
Kenyon and Barlar testified that Barstow, at the time of the purchase by him, orally assumed and agreed to pay the Wolf mortgage. Barstow denies that he agreed to assume and pay the Wolf mortgage.
The mortgage does not encumber the liquor license and, since the mortgaged property is of such small value, it seems evident that the operation of the business by a receiver will be of no benefit, or at best of slight benefit, to the plaintiff, and might in fact prove a hazard to plaintiff. Furthermore, it is not clearly established that the defendant assumed the payment of plaintiff's mortgage, and we conclude that such was the conclusion of the Chancellor.
It has not been made to affirmatively appear that the Chancellor has erred; wherefore the petition for rehearing should be granted and the petition for certiorari denied and our previous ruling, under date of January 18, 1949, to the contrary annulled. *Page 691